BEDROS SAHAGIAN *vs.* GUARAGOS SAHAGIAN.

APRIL 29, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Appeal and Error.   Finding of Lower Court.*

On an appeal in equity the decision of the lower court on a controverted question
of fact is entitled to great weight.

*(2)   Defaulted Actions.   Assessment of Damages.   Notice.   Answered Cases.*

Where a defendant in an answered case is defaulted, and the case is passed
indefinitely without proof of damages, defendant is entitled to notice of
plaintiff's motion for assessment of damages.

*(3) Relief from Judgment. Equity. Injunctions.*

Where a judgment debtor had no knowledge of the entry of the judgment until the time within which he could apply for any legal remedy had elapsed, and it has been found that he has a substantial defence to the action and is not guilty of laches, he is entitled to relief in equity through a preliminary injunction.

PETITION IN EQUITY for relief against judgment. Heard on appeal from decree granting a preliminary injunction. Appeal dismissed.

SWEENEY, J. This is an appeal from a decree of the Superior Court granting a preliminary injunction. The reason assigned for the appeal is that the decree is against the law. The injunction restrains the sale of complainant's real estate to satisfy an alias execution issued against him as defendant upon a judgment entered in the Superior Court May 26, 1923, in an action at law in which the respondent was plaintiff.

It appears in the bill that the action at law was duly answered by defendant and assigned for trial May 23, 1922; that on said day defendant was duly called and defaulted and that the action was passed indefinitely without proof of damages.

Complainant avers that in February, 1925, an alias execution, issued upon a judgment entered in said action, was served upon him and he then learned for the first time that on May 26, 1923, upon plaintiff's motion and proof of claim, damages were assessed and judgment entered for plaintiff for $1,050 and costs. Complainant avers that the judgment was illegally entered because he had no notice of plaintiff's motion that damages be assessed in said action; that the amount of the judgment is grossly excessive and that he has a meritorious defense to said action.

The justice of the Superior Court who heard the parties upon the question of the issuance of the preliminary injunction was of the opinion that the complainant stated a case for relief and said that the conflicting testimony presented a substantial question as to the amount of damages

due the respondent as plaintiff in the action at law. The decision of the justice on this controverted question of fact is entitled to great weight. We have read the transcript of the testimony and find no error in his conclusion.

The important question raised by the appeal is the effect of the neglect to give complainant notice of respondent's motion that damages be assessed and judgment entered in the action at law. Respondent apparently filed said motion on the assumption that it was an *ex-parte* motion authorized by § (5062), Gen. Laws 1923, which provides: "Upon default or submission of the defendant in any case at law, judgment shall be entered at any time thereafter on *ex-parte* motion and proper proof of claim." Complainant contends that this section does not apply to a defaulted answered case and that respondent was required to file his motion for assessment of damages and judgment, and give notice thereof, in accordance with § (4973), Gen. Laws 1923, which requires all motions in the Superior Court to be in writing and, except *ex-parte* motions, to be filed at least sixty hours before being called for hearing and, except in *ex-parte* motions, written notice thereof served upon the attorney of record of the opposite side at least forty-eight hours before being called for hearing, unless a different time for such filing and service be fixed *ex-parte* by a justice of the court.

In *Sahagian* v. *Superior Court*, 47 R. I. 85, we considered this question and were of the opinion that, by permitting the case to be passed indefinitely, respondent became subject to the burden of filing a motion asking for the assessment of damages and giving notice thereof, as required by this latter section. This case followed *King* v. *R. I. Co.*, 27 R. I. 112 and *Gregson* v. *Superior Court*, 46 R. I. 362, in which the distinction between a defaulted unanswered case and a defaulted answered case was made clear, and the procedure for assessing damages was stated. The section last cited requires notice of all motions, excepting *ex-parte* ones. This matter of notice of motions is of such importance in our practice that provision is made for the service of

notice of motions and proof of such service: § (4975), Gen. Laws, 1923. Notice of a motion for the assessment of damages and judgment in a defaulted answered case is of the utmost importance to a defendant where he has filed a motion to remove the default and his motion has been denied before the assessment of damages and he has taken exception to such denial. In such a case he must wait until after the damages have been assessed before he can file his bill of exceptions. *Fudim* v. *Kane,* 47 R. I. 357. If he had no notice of the motion for assessment of damages he would probably lose his right to file a bill of exceptions within seven days after decision on the motion.

It is generally held that a judgment entered without any notice to a defendant is void, unless he appears; and the notice must be served in the manner required by law. *Brainard* v. *Mitchell,* 5 R. I. 111; *Duhaime* v. *Monast,* 20 R. I. 524; *Peck* v. *Levesque,* 42 R. I. 53; 33 C. J. 1079. As it appears that the court acted upon the motion that damages be assessed and judgment entered without notice of the motion having been given to the complainant, we are of the opinion that the court exceeded its jurisdiction and that its decision was illegal.

On the facts stated in the bill there can be no doubt of the jurisdiction of a court of equity to restrain service of the execution. In *Dowell* v. *Goodwin,* 22 R. I. 287, the court sustained a bill to enjoin the maintenance of an action upon (3) a judgment. It was averred that complainant had no notice or knowledge of the pendency of the action in which the judgment was rendered until action was commenced on the judgment—nearly three years after its entry. Respondent has referred to several of our cases in which relief in equity was refused after judgment in action at law. In all of these cases it appeared that complainant had knowledge of the entry of judgment and was negligent in making use of his legal remedies to obtain relief or failed to show that he had a meritorious defense. In this case it appears that complainant had no knowledge of the entry of the

judgment until the time within which he could apply for any legal remedy had elapsed; and it has been found upon hearing that he has a substantial defense to the action. Neither can it be held that complainant has been guilty of laches as it appears that he acted with reasonable promptness to protect his rights after he learned of the judgment against him.

The purpose of a preliminary injunction has been so often expressed by this court that we do not repeat it here. *Blackstone Hall Co.* v. *R. I. Hos. Tr. Co.*, 39 R. I. 69. We are of the opinion that the court did not err in entering the decree for a preliminary injunction. The appeal therefrom is denied and dismissed and the cause is remanded to the Superior Court for further proceedings.

*McGovern & Slattery, Fred B. Perkins*, for complainant.
*Frank H. Wildes*, for respondent.

